NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7380

CHARLES J. JENKINS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Charles J. Jenkins, of New Roads, Louisiana, pro se.

Lisa L. Donahue, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and William F. Ryan, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7380

CHARLES J. JENKINS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  February 9, 2007

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

NEWMAN, Circuit Judge.

Charles J. Jenkins appeals from the decision[1] of the United States Court of Appeals for Veterans Claims denying him a writ of mandamus.  Since the Secretary has performed the act which was the subject of the proposed writ, we dismiss the appeal as moot.

---

1      Jenkins v. Nicholson, No. 06-685 (Vet. App. Mar.27, 2006).

BACKGROUND

Mr. Jenkins served in the United States Army from January 30, 1969 to September 3, 1970. He was exposed to Agent Orange in Vietnam and has been diagnosed with type II diabetes mellitus, resulting from that exposure. On January 2, 2004 he filed a claim to establish service connection for heart disease, secondary to his diabetes.

On March 6, 2006, Mr. Jenkins filed a petition for a writ of mandamus in the CAVC seeking to compel the Secretary of Veterans Affairs to process his claim for benefits. The court denied the petition and Mr. Jenkins appealed to this Court.

On September 22, 2006, while his appeal to us was pending, the VA Regional Office in New Orleans issued a Rating Decision awarding Mr. Jenkins a rating of 100% service connected disability for his heart disease along with additional compensation for his home-bound status and eligibility for dependents' educational assistance.

DISCUSSION

The Secretary argues that this appeal is now moot, since the Secretary has both processed Mr. Jenkins' claim and has awarded him the highest amount of compensation possible. Mr. Jenkins argues that the appeal is still not moot as there are other conditions for which he seeks compensation that were not addressed in the rating decision.

Mr. Jenkins misunderstands the nature of the writ of mandamus he requested. A writ of mandamus is used to "command[] an inferior tribunal, board, corporation, or person to perform a purely ministerial duty imposed by law," Black's Law Dictionary, 5th Ed. 1979. The writ Mr. Jenkins requested was to compel the Secretary to process his claim. The Secretary has done that act, so Mr. Jenkins' petition for a writ is moot. If there are still issues remaining to be determined in Mr. Jenkins' claim, or if he is otherwise dissatisfied with the Secretary's action, he may follow the procedures appropriate to his situation.

2006-7380                                         2

Mr. Jenkins' appeal is dismissed as moot.

No costs.